**Jing Xin LIN, Petitioner,**

**v.**

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

No. 04–0017–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

Gang Zhou, New York, NY, for Appellant.

Michelle G. Tapken, Acting United States Attorney for the District of South Dakota, Mark E. Salter, Assistant United States Attorney, Sioux Falls, SD, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Jing Xin Lin ("Lin"), through counsel, petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

We review an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Liao v. United States Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

The IJ's decision to deny Lin relief was supported by substantial evidence. The adverse credibility determination was supported by: (1) Lin's omission during his direct testimony that his aunt had told him that his parents had named their Falun Gong instructors in exchange for their release from detention; (2) Lin's inability to provide the titles of the Falun Gong books found in his room, despite the mention of one title in his asylum application; (3) Lin's admission that he lied to officials at the credible fear interview about his own practice of Falun Gong; and (4) Lin's inability to explain why he did not know whether his sister had been questioned by officials on the day that they searched his bedroom. Because Lin failed to establish entitlement to asylum, his claim for withholding of removal necessarily fails. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Lin does not challenge the IJ's finding with respect to the CAT claim. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).